# EXHIBIT A

AO 88B  (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

| | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| *Defendant* | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:

*(Name of person to whom this subpoena is directed)*

❐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: | Date and Time: |
|---|---|
| | |

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____        _____
*Signature of Clerk or Deputy Clerk*                                        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____, who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed.  Fed. R. Civ. P. 45(a)(4).

Case 1:22-mc-00080-UNA   Document 1-3   Filed 02/11/22   Page 3 of 14 PageID #: 104

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
 **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
 **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
  **(i)** is a party or a party's officer; or
  **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
 **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
 **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
 **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
  **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
  **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
 **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
  **(i)** fails to allow a reasonable time to comply;
  **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
  **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
  **(iv)** subjects a person to undue burden.
 **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
  **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
  **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
 **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
  **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
  **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
 **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
 **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
 **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
  **(i)** expressly make the claim; and
  **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

Exhibit "A"

## **SCHEDULE A**

### **Definitions**

1. "The terms "Document" or "Documents" shall have the broadest meaning permitted by the Federal Rules of Civil Procedure and shall include, without limitation, all electronically stored information, originals, copies (if the originals are not available), nonidentical copies (whether different from the original because of underlining, editing marks, notes made on or attached to such copy, or otherwise), and drafts of the following items, whether printed or recorded (through a sound, video or other electronic, magnetic or digital recording system) or reproduced by hand, whether or not claimed to be privileged or confidential, including but not limited to letters, correspondence, telegrams, telexes, memoranda, records, diaries, summaries of personal conversations or interviews, expressions or statements of policy, opinions of counsel, "Post-It" notes, stenographic notes, notes, notebooks, opinions or reports of financial advisors or consultants, opinions or reports of experts, projections, financial or statistical statements or compilations, contracts, agreements, appraisals, analyses, purchase orders, bill of sale, confirmations, publications, articles, books, pamphlets, circulars, microfilm, microfiche, reports, studies, logs, surveys, reports to stockholders, instruments, circulars, press releases, drafts of any document, accounts, diaries, calendars, appointment books, maps, charts, graphs, bulletins, photostats, speeches, brochures, manuals, data sheets, pictures, photographs, illustrations, blueprints, films, drawings, plans, tape recordings, videotapes, disks, diskettes, data tapes or readable computer-produced interpretations or transcriptions thereof, electronic communications including but not limited to email and/or text messages, voice mail messages, telegraphic messages, faxes, interoffice communications, advertising, packaging and promotional materials and any other writings, papers and tangible things of whatever description whatsoever, including but not limited to any information contained in any computer, server, mainframe, or other storage device (including (i) information on or in computer memory; (ii) information on or in computer network backup files; and (iii) information that has been "deleted" or "erased" but is recoverable, whether located on-site or at an off-site facility, within Your possession, custody, or control. Any comment or notation appearing on any Document, and not a part of the original text, is to be considered a separate "Document." .

2. "Grabien, Inc.[,]" "You[,]" or "Your" means Grabien, Inc., as well as any subsidiary or affiliate companies, predecessors, successors, agents, executives, officers, directors, attorneys, employees, or representatives of Grabien, Inc.

3. The term "Petitioner" shall refer to Caroline Sevier Elliott.

4. All words and phrases shall be construed in accordance with normal custom and usage in the industries or field of commerce to which they apply.

5. "Related to" means relating to, referring to, describing, evidencing or constituting.

24231416.2

6. The connectives "and" and "or" and "any" and "all" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

7. The words "any" and "all" are to be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

8. The use of the singular form on any word includes the plural and vice versa.

## **INSTRUCTIONS**

The following instructions shall apply to the Requests below and should be considered as part of each Request:

1. The use of the singular form of any word includes the plural and *vice versa*; the use of the masculine includes the feminine and *vice versa*.

2. The use of a verb in any tense shall be construed as the use of the verb in all other tenses, whenever necessary to bring within the scope of the Request all responses that might otherwise be construed to be outside its scope.

3. Notwithstanding anything else to the contrary herein, each word, term, or phrase is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

4. "Any" shall be construed to include "all" and *vice versa*, and "all" shall be construed to include "each" and *vice versa*, as is necessary to make the Request inclusive rather than exclusive.

5. The words "and," "and/or" and "or" shall be construed conjunctively or disjunctively, as is necessary to bring within the scope of the Request all information that might be otherwise construed to be outside of its scope.

6. "Including" shall be construed to mean "including, but not limited to."

7. In responding to these Requests, You are requested to provide all responsive Documents that are in Your possession, custody, or control, wherever located, regardless of whether they are possessed directly by You or Your predecessors, successors, subsidiaries, divisions, affiliated companies, controlling shareholders, past and present

employees, agents, attorneys, officers, directors, consultants, representatives, and other Persons or Entities acting on Your behalf.

8. You must produce all responsive Documents and/or Communications requested by each individual Request. While one Request may be more specific or limited in scope than another Request, such Request in no way limits or defines the scope of that other Request.

9. If any portion of any Document or Communication is responsive to any Request, the entire Document must be produced.

10. If, in responding to these Requests, You claim any ambiguity in the Request, such claim shall not be utilized as a basis for refusing to respond, but You shall set forth as part of Your response the language deemed to be ambiguous and the interpretation used in responding to the Request.

11. If, in responding to these Requests, You have any good faith objection to any Request or any part thereof, Your response shall state: the specific nature of the objection; whether it applies to the entire Request or to a part of the Request; whether Documents or Communications are being withheld from inspection and production on the basis of such objection or whether inspection or production of the responsive items will occur notwithstanding such objection. If there is an objection to any part of a Request, then the part objected to should be identified and all responsive Documents and Communications should be provided to the remaining unobjectionable part of that Request.

12. If, in responding to these Requests, You object to a Request and withhold any information or Document requested herein pursuant to a claim of privilege, work product or other discovery protection, state with respect to each such Document: (a) the

privilege upon which You are relying; (b) the type of Document (*e.g.*, letter, memorandum); (c) the date of the Document; (d) the name and title of the author; (e) the name and title of the addressee; (f) the names and titles of all recipients; and (g) a general description of the subject matter of the Document, including all information necessary to determine the basis for assertion of the privilege or protection.

13. If You claim privilege or any other objection with regard to only part of a Document or Communication, produce the part to which there is no objection and furnish a list identifying each item that is partially withheld based on a claim of privilege or other objection together with the information listed in the preceding paragraph.

14. If You cannot satisfy any Request, either in full or in part, You shall produce Documents and Communications to the extent possible, specifying the reason for Your inability to produce further Documents or Communications.

15. Where a Request seeks Documents from a particular period, undated Documents shall be presumed to be from or concerning that period.

16. In producing Documents, all Documents that are physically attached to each other shall be produced in that form. Documents that are segregated or separated from other Documents, whether by inclusion in binders, files or sub-files, or by the use of dividers, tabs, or any other method, shall be produced in that form. Documents shall be produced in the order in which they were maintained. Any and all Excel Documents or other spreadsheets produced in response to any Request shall be produced in native format.

17. All electronic Documents shall be produced in electronic Concordance format, with document level searchable extracted and (OCR) TIFF images, single page

Group IV TIFF images for black/white images and single page JPG images for color and the following information and metadata fields:

    a. Begno

    b. Endno

    c. Attach Begin

    d. Attach End

    e. Page Count

    f. Sort Date

    g. Sent on Date

    h. Received Date

    i. Modified Date

    j. Created Date

    k. Printed Date

    l. Author

    m. To

    n. CC

    o. BCC

    p. Subject

    q. Title

    r. EmattCount (email attachment count)

    s. Native Link (for Excel and access files)

    t. File Type

    u. File Extension

      v.      Full Text

      w.     File Name

      x.      Custodian

      y.      All Custodian

      z.      MD5HASH

18. All Documents and Communications should be produced for copying or inspection as they are kept in the ordinary course of business or shall be organized and labeled to correspond to the specific Request(s) to which they are responsive. You shall produce the Documents and Communications requested herein, including electronic Documents and Communications, in the original file folders, boxes, or other containers or binders in which such items are found, including the title, labels, or other description of each such folder, box, or other container, or attach a copy of the Documents or Communications to copies of the file folders from which they came. The integrity and internal sequence of the requested Documents and Communications within each folder shall not be disturbed or commingled with the contents of another folder. All Documents and Communications should be stored, clipped, stapled, or otherwise arranged in the same form and manner as they were found. If a Document or Communication is responsive to more than one Request, You are not required to duplicate production.

19. You shall produce any and all Documents and Communications that cannot be legally copied in their original form.

20. If any Documents or part thereof called for by these Requests have been destroyed, discarded or otherwise disposed of, You shall furnish a list setting forth, as to each Documents or part thereof, the following information: (i) the nature of the documents,

e.g., letter, memorandum, telegram, etc.; (ii) the name, address, occupation, title and business affiliation of each Person or entity who prepared, received, viewed and has or has had possession, custody or control of the Documents; (iii) the date of the Documents; (iv) a description of the subject matter of the Documents; (v) the date of destruction or other disposition; (vi) a statement of the reasons for destruction or other disposition; (vii) the name, address, occupation, title and business affiliation of each Person or entity who authorized destruction or other disposition; (viii) the name, address, occupation, title and business affiliation of each Person who destroyed or disposed of the documents; and (ix) the paragraph(s) of these Requests which call for the production of the Documents.

21. Petitioner reserves the right to view the original of any copy of a Document or Communication provided in response to the Requests.

**Documents Requested**

Grabien, Inc., is requested to produce the following:

1. Grabien, Inc.'s Corporate Income Tax Returns for the years 2015 through 2021 (when available), including all supporting schedules and attachments.

2. Documentation of any income reported to a foreign country by Grabien, Inc., for tax or other regulatory purpose for the years 2015 through 2021.

3. Year-end financial statements prepared internally or externally for the years 2012 through 2020;

4. Interim financial statements prepared internally or externally for the period ended September 30, 2021;

5. Backup copy or download of the internal accounting software from 2015 to present, e.g., QuickBooks;

6. Copies of all documentation surrounding the merger of Grabien, Inc., and FunkyPundit, LLC, a Virginia limited liability corporation;

7. Any and all internally or externally prepared budgets and/or forecasts prepared during the period January 2015 through present;

8. Copies of monthly bank statements and cancelled checks for all accounts for January 2015 through present;

9. Copies of monthly credit card statements for all cards paid through the business for January 2015 through present;

10. Copies of any and all bank loan and/or finance applications filed during 2015 through present;

11. Copies of any buy-sell agreements and employment contracts;

12. Copies of any marketing materials, brochures or other written descriptions of the business;

13. Copies of any pension, profit-sharing, and other employee benefit plans and the related records, statements and transaction information;

14. Copies of any legal agreements for the purchase of fixed assets or businesses or investment interests;

15. Copies of realty and franchise agreements;

16. Copies of all insurance policies in place for the period 2015 through present, including but not limited to, casualty, liability, life, group, workmen's compensation, disability, medical.

17. Copies of all leases of realty, equipment and vehicles applicable to the period 2011 through present;

18. Copies of any notes, mortgages or any other evidence of indebtedness or receivables for the period 2015 through present;

19. All payroll records including payroll tax returns (i.e. federal forms 941, WRS, W2, W3, 1099 and 1096) for the period 2015 through September 2021;

20. Copies of all written contracts, purchases and/or commitments with vendors and/or customers for the period 2015 through present; and

21. Current customer list of Grabien, Inc.

22. Any licensing agreement between Grabien, Inc., and the owner of U.S. Patent No. 9,342,599, Thomas Elliott, inventor.