IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE *EX PARTE* APPLICATION OF      )
CAROLINE FORBES SEVIER FOR AN        )
ORDER PURSUANT TO 28 U.S.C. § 1782   )   C.A. No. 22-mc-80-RGA-SRF
TO CONDUCT DISCOVERY FOR USE         )
IN A FOREIGN PROCEEDING              )

## MEMORANDUM OPINION

Presently before the court in this miscellaneous action is the motion of Caroline Forbes Sevier ("Applicant") to compel Grabien, Inc. ("Grabien") to produce documents in accordance with the subpoena served on Grabien pursuant to the Order Granting Application Pursuant to 28 U.S.C. § 1782. (D.I. 7) As announced from the bench on August 31, 2022, the motion to compel is GRANTED-IN-PART.

### I.   BACKGROUND

On May 22, 2020, Applicant entered into an agreement for the dissolution of her marriage to Thomas Elliott in Madrid, Spain (the "Divorce Agreement"). (D.I. 7-3 at 26-40) The Divorce Agreement resolved issues of spousal support and custody of the former couple's children, but it expressly reserved settlement of the division of marital property for a later time: "The marital property system of its nationality is dissolved by divorce, and its settlement will be processed later on." (*Id.* at 39) Applicant and Mr. Elliott were granted a judgment of divorce by the Spanish courts on August 11, 2020. (D.I. 4 at ¶ 4)

Applicant's Spanish counsel then filed a Preliminary Proceeding Application with the appropriate Spanish court to compel Mr. Elliott to produce an inventory of assets. (D.I. 7-5 at 2, ¶ 6) On November 18, 2021, the Spanish court denied Applicant's Preliminary Proceeding Application based on findings that: (1) the document request exceeded the scope of necessary

discovery; (2) proof that Mr. Elliott refused to voluntarily provide the discovery was not provided; and (3) there was no proof that the aid of courts was necessary to procure the information. (D.I. 7-5 at 43) In accordance with this ruling, Applicant sent a letter to Mr. Elliott by Burofax on June 1, 2021, seeking Mr. Elliott's voluntary production of the requested information. (D.I. 7-3 at 41-45; D.I. 4 at ¶ 14) Mr. Elliott did not respond. (D.I. 7-3 at 4, ¶ 8; D.I. 7-5 at 3, ¶ 8)

On February 11, 2022, Applicant initiated this miscellaneous action by filing an *ex parte* application to conduct discovery under 28 U.S.C. § 1782 (the "Application"), along with a proposed subpoena. (D.I. 1) The discovery sought by Applicant in this matter pertains to the valuation of Grabien, a Delaware corporation formed by Mr. Elliott during his marriage to Applicant. (*Id.*; D.I. 4 at ¶ 8) According to Applicant, this discovery is a necessary predicate to the distribution of marital property in a proceeding before a court of special jurisdiction in Madrid, Spain (the "Ancillary Property Division"). (D.I. 7-5 at 2, ¶ 5)

The court entered an order granting the Application on February 16, 2022, and Applicant served the subpoena and the order of the court on Grabien the following day. (D.I. 5; D.I. 7-2 at 2) The subpoena set March 21, 2022, as the deadline for the production of documents. (D.I. 7-2 at 3) On that date, counsel for Grabien sent a letter to Applicant setting forth its objections to the subpoena and the order granting the Application. (D.I. 7-3)

Having received no production in response to the subpoena, on July 8, 2022, Applicant moved to reopen the case and simultaneously filed a motion to compel Grabien to produce documents in accordance with the subpoena. (D.I. 6; D.I. 7) The court granted the motion to reopen the case and referred the motion to compel to the undersigned judicial officer. (D.I. 8; D.I. 9) Oral argument was heard on August 31, 2022, and the matter is now ripe for resolution.

## II. DISCUSSION

It is undisputed that the statutory requirements of 28 U.S.C. § 1782 have been met. (D.I. 14 at 4) The parties dispute the timeliness of Grabien's objections to the subpoena and the relevance and scope of the document requests.

### A. Waiver of Objections to Subpoena

Grabien waived its objections to the subpoena by failing to timely raise those objections. *See Am. Fed'n of Musicians of the U.S. & Canada v. Skodam Films, LLC*, 313 F.R.D. 39, 43 (N.D. Tex. Dec. 3, 2015). Rule 45(d)(2)(B) states that objections to a subpoena "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). There is no dispute that Grabien was served with the subpoena on February 17, 2022. (D.I. 7-2 at 2) Thus, Grabien's objections were due on March 3, 2022. Fed. R. Civ. P. 45(d)(2)(B). Here, Grabien raised its objections to the subpoena for the first time on March 21, 2022, more than a month after Applicant served the subpoena. (D.I. 7-3 at 2-3; D.I. 14 at 5)

Although a court may consider objections filed after the deadline if the respondent establishes good cause or the existence of unusual circumstances, no such showing has been made in this case. *See Pinchuk v. Chemstar Prods. LLC*, C.A. No. 13-mc-306-RGA, 2014 WL 2990416, at *1 n.1 (D. Del. June 26, 2014); *see also Williams v. Big Picture Loans, LLC*, 303 F. Supp. 3d 434, 441-42 (E.D. Va. 2018). Grabien's suggestion that it was "without knowledge that [Applicant] had commenced this proceeding in US Court" is unsupported. (D.I. 14 at 5) The Application was accompanied by a certificate of service confirming that Grabien and Mr. Elliott were served by certified mail, return receipt requested, on February 11, 2022. (D.I. 1 at 4) The subpoena itself was served on Grabien's registered agent on February 17, 2022. (D.I. 7-2 at

3

2) Grabien does not deny that it received service of the subpoena on that date. Any delays resulting from efforts to obtain legal representation in the U.S. are not supported by the record before the court, and no requests for extension of time were filed with the court or otherwise documented. (D.I. 14 at 5); *see Am. Fed'n*, 313 F.R.D. at 43 ("The serving party may agree to extend the deadline to respond to a subpoena, including the deadline to serve written objections." (internal citations and quotation marks omitted)).

Grabien broadly suggests that it "made a good faith effort to comply with the Subpoena," without citations to the record in support of this representation. (D.I. 14 at 5) For the reasons previously discussed, the objections raised in Grabien's March 21 letter were untimely, and the content of the letter confirms Grabien's refusal to produce any documents in response to the subpoena. (D.I. 7-3) Although Grabien's letter suggests that the Application itself is improper, the record shows that Grabien did not file a motion to vacate the order granting the Application, nor did it move to quash the subpoena. (*Id.* at 1) Grabien's comprehensive refusal to produce any documents responsive to the subpoena and its failure to properly pursue its objections to the subpoena in a timely manner contradict its allegations of good faith.

## B. Consideration of the Discretionary Factors

Even if the court were to conclude that Grabien did not waive its objections, those objections do not warrant denying Applicant's requested relief in its entirety. The Supreme Court has set forth four discretionary factors to consider in ruling on a request under § 1782: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding;" (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign [tribunal] to U.S. federal-court judicial assistance;" (3) "whether the § 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other

4

policies;" and (4) whether the request is "unduly intrusive or burdensome." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004); *see In re Syngenta Crop Protection AG*, C.A. No. 21-mc-375-CFC, 2022 WL 1690832, at *1 (D. Del. May 26, 2022). Grabien does not contest the first factor, and it is undisputed that Grabien is not a participant in the Ancillary Property Division proceeding.

Regarding the second factor, Grabien does not dispute that the Ancillary Property Division requires a petitioning party to provide an inventory of assets for the Spanish court to divide and distribute the marital assets. (D.I. 7, Ex. D at ¶ 5) The issue of whether Grabien qualifies as a marital asset is to be resolved in the Ancillary Property Division proceeding and is not before this court. (*Id.*) Only the relevance of the discovery and the scope of the discovery requests are at issue here. *See In re Martin & Harris Priv. Ltd.*, 2021 WL 2434069, at *5 (D.N.J. June 14, 2021) (explaining that the test for the second *Intel* factor "is not whether the foreign tribunal ultimately will admit the discovery sought into evidence at trial.").

Grabien's argument regarding the third *Intel* factor rests solely on the Spanish court's denial of Applicant's Preliminary Proceeding Application. (D.I. 14 at 4) But Applicant has since established that Mr. Elliott refused to voluntarily provide the requested discovery, and Grabien's incorporation in Delaware makes it likely that the records can be obtained pursuant to the subpoena. *See In re Martin & Harris*, 2021 WL 2434069, at *5 (explaining that "[t]he decision of how to seek discovery lies with the party seeking the discovery," and rejecting the notion that § 1782 includes an exhaustion requirement). Because the circumstances have since changed, the bases for the Spanish court's rejection of the Preliminary Proceeding Application do not control the instant analysis.

As to the fourth and final *Intel* factor, the court has discretion to consider whether the information sought in the subpoena is overbroad, disproportionate, or unduly burdensome. *See In re Martin & Harris*, 2021 WL 2434069, at *7. This analysis requires application of the Rule 26 standard to determine whether the requested discovery "is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Grabien conflates this standard with the requirements of Rule 26 prior to the 2015 amendment, i.e., whether the requested discovery was "reasonably calculated to lead to the discovery of admissible evidence." (D.I. 14 at 5)

The supplemental affidavit of Veronica Gonzalez-Choren Respaldiza establishes the relevance of the requested information, explaining that the procedure for filing a request for the division and distribution of marital assets must be predicated by the submission of an inventory of assets. (D.I. 7, Ex. D at ¶ 5) Grabien does not dispute this requirement. Applicant's stated goal is to obtain valuation information regarding Grabien so that it may include that information in the inventory of assets to be submitted to the Ancillary Property Division. (D.I. 7 at 5)

However, the documents requested under the subpoena go well beyond what is necessary to ascertain Grabien's value. (D.I. 7-2 at 14-15) Production of Grabien's corporate tax returns, foreign income reports, interim and year-end financial statements, and backup copy of Grabien's internal accounting software in response to Document Request Nos. 1 to 5 would provide a summary overview of Grabien's assets and liabilities from 2019, the year preceding the Divorce Agreement, through 2021. (D.I. 7-2 at 14) Such information should be reasonably sufficient for determining the current valuation of the company. Moreover, Mr. Elliott avers that he is the President and main shareholder of Grabien and such information concerning the company's incorporation and shareholders is publicly available to Applicant. (D.I. 14 at 1, 4-5) To the

extent that such information is not publicly available, Grabien shall produce information sufficient to inform Applicant of the corporation's officers, directors, and shareholders from 2019 to 2021. The production of this discovery shall be made on or before September 14, 2022, and the parties shall meet and confer on a form of protective order governing access to the discovery.

The remaining requests are directed to documents showing Grabien's assets and liabilities at a granular level. (D.I. 7-2 at 14-15) Some of these documents may likely form the underlying basis of Grabien's tax returns and financial statements and would, therefore, be redundant of the information already produced in the narrowed responses to Document Request Nos. 1 to 5. At this stage, Applicant has established no record to seek broad categories of financials or question the accuracy of Grabien's tax returns and financial statements. Thus, production of documents responsive to Document Request Nos. 6 to 22 is disproportionate to Applicant's stated needs. Accordingly, Applicant's motion to compel is GRANTED as narrowed to the 2019-2021 time frame with respect to Document Request Nos. 1, 3, 4, and 5. Applicant's motion is further GRANTED with respect to Document Request No. 2, to the extent that Grabien has possession, custody, or control of responsive documents. Grabien shall also produce information sufficient to identify Grabien's corporate officers, directors and shareholders from 2019 to 2021 to the extent that this information is not publicly available. Applicant's motion to compel is DENIED without prejudice as to Document Request Nos. 6 to 22. (*Id.*)

### III. CONCLUSION

For the foregoing reasons, Applicant's motion to compel is GRANTED-IN-PART. (D.I. 7) Specifically, Applicant's motion to compel is GRANTED with respect to Document Request

Nos. 1, 3, 4, and 5 for the narrowed time period from 2019 through 2021. Applicant's motion is GRANTED with respect to Document Request No. 2 for the time period from 2019 through 2021, to the extent that responsive documents are in Grabien's possession, custody, or control. Grabien shall also produce information sufficient to identify its officers, directors, and shareholders from 2019 to 2021 to the extent that such information is not publicly available. Grabien shall produce the responsive documents on or before September 14, 2022, and the parties shall meet and confer on a form of protective order governing access to the discovery. Applicant's motion is DENIED with respect to Document Request Nos. 6 to 22. An Order consistent with this Memorandum Opinion shall issue.

This Memorandum Opinion is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Opinion. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to five (5) pages each.

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Dated: August 31, 2022

Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE